**B104 (FORM 104) (08/07)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Petersburg Hospital Company, LLC<br>National Healthcare of Cleveland, Inc.<br>Cleveland Regional Medical Center, LP<br>Tooele Hospital Corporation<br>Woodward Health System, LLC | **DEFENDANTS**<br>Evolved Digital Solutions, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>John R. Jacobson, Kathy R. Cloud, William L. Campbell, Jr.<br>Riley Warnock & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203 (615) 320-3700 / (615) 320-3737 Fax | **ATTORNEYS** (If Known)<br>Elliott W. Jones<br>Drescher & Sharp, PC<br>1720 West End Avenue, Suite 300<br>Nashville, TN 37203 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Adversary complaint for injunctive relief, breach of contract and conversion ||

| **NATURE OF SUIT** ||
|---|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) ||
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☒ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☒ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought Attorney's fees and costs ||

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Evolved Digital Solutions, Inc. | | BANKRUPTCY CASE NO. 3:09-bk-01269 | |
| DISTRICT IN WHICH CASE IS PENDING  Middle District of TN | | DIVISION OFFICE Nashville | NAME OF JUDGE Paine |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re EVOLVED DIGITAL SOLUTIONS, INC. | Case No. 3:09-bk-01269 |
| | CHAPTER 11 |
| | Judge Paine |
| PETERSBURG HOSPITAL COMPANY, LLC, d/b/a SOUTHSIDE REGIONAL MEDICAL CENTER; NATIONAL HEALTHCARE OF CLEVELAND, INC. d/b/a SKYRIDGE MEDICAL CENTER; CLEVELAND REGIONAL MEDICAL CENTER LP d/b/a CLEVELAND REGIONAL MEDICAL CENTER; TOOELE HOSPITAL CORPORATION d/b/a MOUNTAIN WEST MEDICAL CENTER; and, WOODWARD HEALTH SYSTEM, LLC d/b/a/ WOODWARD HOSPITAL, | |
| Plaintiffs, | Adv. Pro. No.: _____ |
| v. | |
| EVOLVED DIGITAL SOLUTIONS, INC. | |
| Defendant. | |

## ADVERSARY COMPLAINT

Plaintiffs, Petersburg Hospital Company, LLC d/b/a Southside Regional Medical Center, National Healthcare of Cleveland, Inc. d/b/a SkyRidge Medical Center, Cleveland Regional Medical Center LP d/b/a Cleveland Regional Medical Center, Tooele Hospital Corporation d/b/a Mountain West Medical Center, and Woodward Health System, LLC d/b/a Woodward Hospital (collectively "Plaintiffs"), for their complaint state as follows:

1. Plaintiff Petersburg Hospital Company, LLC d/b/a Southside Regional Medical Center ("Southside") is a Virginia limited liability company that operates a community hospital in Petersburg, Virginia.[1]

2. Plaintiff National Healthcare of Cleveland, Inc. d/b/a SkyRidge Medical Center ("SkyRidge"), is a Delaware corporation that operates a community hospital in Cleveland, Tennessee.

3. Plaintiff Cleveland Regional Medical Center d/b/a Cleveland Regional Medical Center ("Cleveland") is a Delaware limited partnership that operates a community hospital in Cleveland, Texas.

4. Plaintiff Tooele Hospital Corporation d/b/a Mountain West Medical Center ("MWMC") is a Utah corporation that operates a community hospital in Tooele, Utah.

5. Plaintiff Woodward Health System, LLC d/b/a Woodward Hospital ("Woodward") is a Delaware limited liability company that operates a community hospital in Woodward, Oklahoma.

6. Debtor-In-Possession/Defendant Evolved Digital Solutions, Inc. ("EDS") is a corporation organized under Tennessee law with its office at 5141 Virginia Way, Brentwood, Williamson County, Tennessee, 37027.

7. This Court has jurisdiction of this proceeding pursuant to 28 U.S. C. § 1334 and 28 U.S.C. § 157 because this is a core proceeding that raises issues involving the administration of the estate under 11 U.S.C. § 524.

8. Venue is appropriate in the Middle District of Tennessee pursuant to 28 U.S.C. § 1409.

---

[1] Southside has a lawsuit pending against EDS and its Chief Executive Officer, Bill Greer, in the Chancery Court for Williamson County, Tennessee. Southside's claims against Defendant EDS in that case are stayed pursuant to 11 U.S.C. § 362.

## FACTUAL ALLEGATIONS

9. Plaintiffs operate full service community hospitals in their respective communities. Plaintiffs care for thousands of patients per year, providing a broad range of services, including emergency care, in-patient care, physical therapy, radiological services, surgery, obstetrics, neonatal and renal care.

10. EDS manages and stores patient medical records and, in particular, radiological images and associated patient data for hospitals and healthcare imaging facilities. Pursuant to its agreements with the hospital, EDS stores a patient's digital images and records electronically on EDS servers so that the patient's health care provider can access those records via the Internet.

11. EDS currently provides such services to approximately twenty health care facilities. EDS customers access their images and files from EDS's server using Radweb®, an EDS proprietary, web-based software program.

12. Once the image is stored on an EDS server, a patient's health care provider cannot save or manipulate the image retrieved from EDS's server, nor can it access its images or files from EDS's server through any means other than the Radweb® software. A patient's health care provider cannot gain access to the patient's records for treatment or to provide those records to the patient unless it uses the Radweb® software to access EDS's server.

13. Plaintiffs are required to maintain and retain medical records pursuant to various federal and state laws, as well as provide access to such records for their patients and healthcare providers. EDS contracted with Plaintiffs to maintain and store patient medical records beginning in 2003. True and correct copies of the agreements between each Plaintiff and EDS are attached as Exhibits A through E. EDS agreed to store, index, and archive digitally and

securely Plaintiffs' images and archive images for a "retention period." EDS agreed to provide Plaintiffs with access for all current and prior image data.

14. The medical records and images stored by EDS are Plaintiffs' property.

15. EDS maintains and has retained hundreds of thousands of Plaintiffs' images and files.

16. Throughout the parties' relationship, Plaintiffs have fully complied with their obligations, including paying the fees for the services provided by EDS.

17. Plaintiffs now seek to have EDS return the images. EDS refuses to return Plaintiffs' property without extracting an exorbitant fee.

18. The EDS-Southside contract is silent regarding the return of Southside's images when the contract is terminated. (See Exh. A).

19. An addendum to the EDS-SkyRidge contract provides that EDS will return "Customers' archived digital images" within 120 days of contract termination and that SkyRidge will pay "reasonable costs" consisting of "personnel time, travel costs and/or other out-of-pocket expenses" resulting from the return of the images. (See Exh. B, Addendum 1 dated May 2005).

20. The EDS-Cleveland contract and the EDS-Woodward contract requires EDS to "return archived digital images, reports, and accounting information ("Digital Property")" within 30 days and 130 days, respectively, of contract termination and requires Cleveland and Woodward to pay the "cost" associated with the return of the Digital Property, including "personnel time and reasonable travel or other out-of pocket expenses." (See Exh. C at 18, ¶ 5.2; Exh. E at 14, ¶ 5.2).

21. The EDS-MWMC contract requires EDS to "return archived digital images, reports, and accounting information ("Digital Property")" and requires MWMC to "any charges associated with returning the Digital Property." (See Exh. D at 8, ¶ 5.2).

22. On December 15, 2008, EDS informed Southside that EDS intended to go out of business no later than March 2009, depending on EDS's cash flow.

23. Despite its contractual obligation to the hospitals, EDS began winding down its business operations, instead of returning Plaintiffs' property. EDS also demanded that Plaintiffs separately execute a "Migration Agreement," whereby each Plaintiff would pay $.60 for each image returned, plus tens of thousands of dollars in other fees and charges.

24. On December 17, 2008, EDS's Chief Executive Officer, Bill Greer, sent an email to Southside representatives, stating that health care providers at Southside "will no longer have access to images archived at EDS." By December 18, 2008, EDS cut off Southside's access to its patient records stored on EDS's server.

25. On December 22, 2008, the Chancery Court for Williamson County, Tennessee entered a Restraining Order, prohibiting EDS from restricting Southside's access to its images stored on EDS servers. That Restraining Order was still in effect, pursuant to agreements of the parties, when EDS filed its Chapter 11 bankruptcy petition on February 6, 2009. A true and exact copy of the Restraining Order is attached as Exhibit F.

26. Without possession of their patients' data stored on EDS's server, Plaintiffs' healthcare providers cannot use that information in treating its patients or provide that information to the patients upon their request.

27. Each of the contracts, with the exception of Southside, allows the Plaintiffs to terminate the contracts in the event EDS files for bankruptcy protection. (See Exh. B at 17-18, ¶ 5(vii); Exh. C at 17-18, ¶ 5(vii); Exh. D at 7-8, ¶ 5(vii); Exh. E at 13-14, ¶ 5(vii)).

28. On February 12, 2009, Plaintiffs notified EDS of their intention to terminate the Contracts, for cause, and have demanded the return of their records and images from EDS, as required by the Contracts. Despite a deadline of February 17, 2009 to make arrangements for the return of all Plaintiffs' records, EDS has failed to return anything to Plaintiffs or move away from its position that Plaintiffs must pay exorbitant fees to which EDS is not entitled.

29. The Southside contract terminated by its terms in December 2008. Pursuant to the Restraining Order entered by the Williamson County Chancery Court, Southside continues to access their records and images despite EDS's refusal to return those records to Southside. (See Exh. F). The other Plaintiffs continues to be able to access their records, but in light of EDS's demands and EDS's tenuous financial condition, maintaining uninterrupted access to those records is in doubt.

## COUNT I
**(Application for Injunctive Relief)**

30. The medical records, images and patient data of Plaintiffs' patients stored on EDS's server are Plaintiffs' property.

31. Plaintiffs have fulfilled their obligations under their contracts with EDS, but EDS has breached those contracts.

32. EDS now possesses and controls hundreds of thousands of confidential patient medical records that it admits are Plaintiffs' property. EDS refuses to return that property to Plaintiffs unless Plaintiffs execute new contracts, requiring them to pay enormous fees to recover their property, something not contemplated by the existing contracts.

6
Case 3:09-ap-00068    Doc 1    Filed 02/26/09    Entered 02/26/09 16:07:06    Desc Main
Document    Page 8 of 13

33. EDS's unlawful conduct was and is in furtherance of a scheme to convert confidential medical records and property, including, but not limited to electronic images (e.g., X-rays, MRIs), owned by Plaintiffs and for which Plaintiffs are responsible for care, maintenance and retention pursuant to state and federal law.

34. Unless enjoined, EDS will continue to engage in acts constituting a breach of the agreements between EDS and Plaintiffs in violation of the law, including refusing to return to Plaintiffs their patient's medical records. If EDS does not return the records, Plaintiffs' patients will be at risk and Plaintiffs will also risk violation of state and federal laws regarding patient access to medical records.

35. Further, in light of EDS's tenuous financial situation, so long as Plaintiffs' records remain in EDS's possession, those records are at risk.

36. Prior to filing this Adversary Complaint, Plaintiffs requested that EDS enter into an Agreed Order to ensure Plaintiffs uninterrupted access to their images during the pendency of this action. While EDS's counsel expressed a general receptiveness to such an agreement, EDS did not agree to Plaintiffs' request for entry of that Agreed Order. Accordingly, unless the Court enjoins EDS from refusing access to its images and patient data stored on EDS's server and further facilitating the immediate return of those images and data to Plaintiffs, Plaintiffs will be irreparably harmed by:

   (a) Being unable to care properly for its patients due to EDS's denial of Plaintiffs' possession of patient medical records stored on EDS's server;

   (b) Being in violation of state and federal laws and regulations regarding patient access to medical records;

   (c) Loss of or harm to Plaintiffs relations with its patients, loss of confidence and trust of patients, loss of goodwill, and loss of business reputation; and

(d) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

37. Plaintiffs have no adequate remedy at law and are suffering irreparable injury.

38. For the foregoing reasons, Plaintiffs request that the Court, upon notice and hearing, enter a preliminary injunction, enjoining EDS, whether directly or indirectly, whether alone or in concert with others, until further order of this Court as follows:

(a) EDS shall provide Plaintiffs with uninterrupted access to their patients' medical records maintained on EDS's servers; and

(b) EDS shall, within 30 days, begin to effectuate the transfer of all Plaintiffs' medical records to Plaintiffs, which transfer shall be completed within 120 days; and

(c) EDS shall make available employees who are knowledgeable about the application of Radweb® software and Plaintiffs' images and patient data to assist in transferring those images and data to Plaintiffs' possession.

## COUNT II
### (Breach of Contract)

39. The contracts between EDS and Plaintiffs are binding contracts and create bailment relationships between EDS, as bailee, and Plaintiffs, as bailors.

40. EDS has breached the contracts by failing to return to Plaintiffs their property under the terms provided by the contracts.

41. As a direct and proximate result of EDS's conduct as described above, Plaintiffs have suffered injury and damage. Plaintiffs are also entitled to recover their attorneys' fees and costs, pursuant to their contracts with EDS.

## COUNT III
### (Conversion)

42. EDS willfully and wrongfully appropriated Plaintiffs' medical records, images and patient data for their own use and refused to return that property, thereby denying Plaintiffs use of their electronic medical records. EDS's wrongful appropriation continues at present.

43. As a direct and proximate result of EDS's conversion, Plaintiffs have suffered injury and damage, in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand judgment as follows:

1. For injunctive relief set forth above and in Plaintiff's Expedited Motion for Preliminary Injunction;

2. That this Court finds that Defendant breached its contracts with Plaintiffs and that Plaintiffs were damaged as a result;

3. That this Court finds that Defendant committed the tort of conversion and that Plaintiffs were damaged as a result;

4. That this Court finds that Defendant intentionally interfered with Plaintiffs' contractual relations and that Plaintiffs were damaged as a result;

5. That costs be taxed to Defendant;

6. For the attorneys' fees and costs incurred; and

7. That this Court awards any other general legal or equitable relief to which Plaintiffs may be entitled.

/s/ William L. Campbell, Jr.
John R. Jacobson (#14365)
Katharine R. Cloud (#19336)
William L. Campbell, Jr. (#22712)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700 / (615) 370-3737 Fax

*Attorneys for Plaintiffs, Petersburg Hospital Company, LLC, National Healthcare of Cleveland, Inc., Cleveland Regional Medical Center, Tooele Hospital Medical Center, and Woodward Health System, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of this Adversary Complaint has been served via the Court's Electronic Filing System upon the following on this 26th day of February, 2009:

Elliott W. Jones
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

David L. Steed
C. Bennett Harrison, Jr.
Cornelius & Collins, LLP
511 Union Street, Suite 1500
Nashville City Center
PO Box 190695
Nashville, TN 37219

Lloyd E. Mueller
United States Trustee
Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203

Charles W. McElroy
Charles B. Reasor III
White & Reasor, PLC
Two American Center, Suite 1150
3102 West End Ave.
Nashville, TN 37203

/s/ William L. Campbell, Jr.